UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN WLECZYK

                                        CIVIL ACTION

VERSUS

                                        NUMBER 11-7-JJB-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


                            **<u>NOTICE</u>**

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, August 6, 2012.


                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN WLECZYK

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 11-7-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Plaintiff John Wleczyk brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (Commissioner) that denied his claim for disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.

**Background**

Plaintiff John Wleczyk was 47 years of age at the time of the administrative hearing and decision. AR pp. 35, 257.[1] Plaintiff obtained his high school degree. AR p. 288. His most recent relevant work was as a technician in the prep shop department of a car dealership. Before that the plaintiff was self-employed as a shop auto mechanic. AR pp. 38-40. The events leading up to the

---

[1] Under the regulations the plaintiff's age placed him in the category of "younger person." 20 C.F.R. § 404.1563(c).

plaintiff's application for benefits began with an accident that occurred during the plaintiff's employment at the car dealership. On July 2, 2004 the plaintiff was driving a car for his employer when he was struck by another driver. Plaintiff was taken to the hospital with complaints of neck and back pain. Plaintiff began a course of treatment consisting of physical therapy, epidural steroid injections, and anti-inflammatory and pain medications. Plaintiff was released to return to his employment at the car dealership, first to light duty and then to full duty. However, he continued to experience neck pain and functional limitations that required ongoing treatment. Plaintiff's doctors then recommended an anterior cervical decompression and fusion at C3-4 and C4-5, which was performed on April 17, 2006. Plaintiff last worked in March 2005. AR pp. 38, 657.

Plaintiff filed an initial application for disability benefits in April 2006. Based on his first application the plaintiff obtained a partially favorable decision and was awarded a closed period of disability that began March 2, 2005 and ended November 28, 2006. The administrative law judge (ALJ) found that the plaintiff had a combination of severe impairments, consisting of neck pain status post two level fusion and low back pain, and that during this time period he was unable to work on a regular and continuing basis due to neck pain and the need to recover from surgery. The ALJ found there was medical improvement related to

3

the plaintiff's ability to work as of November 29, 2006, and beginning on this date the plaintiff could perform a full range of light work. With this residual functional capacity the plaintiff could not do the medium to heavy work he had done as a car technician and mechanic. Therefore, the ALJ proceeded to the final step of the disability determination analysis and considered whether the plaintiff was able to perform other substantial gainful activity. The ALJ concluded that beginning on November 29, 2006, based on a residual functional capacity for a full range of light work, and considering the plaintiff's age, education and work experience, a finding of not disabled was directed by Rule 202.21 of the Medical-Vocational Guidelines.[2] AR pp. 82-95.

The Appeals Council considered the plaintiff's request for review, along with additional evidence, and ultimately denied the request for review and affirmed the ALJ's decision on February 25, 2009. AR pp. 106-09. Plaintiff filed a petition for judicial review in the district court, challenging the final decision of the Commissioner finding that he had only a closed period of disability and was not under a continuing disability. Under sentence four of § 405(g), the court affirmed the final decision on the plaintiff's April 2006 application and judgment was entered in favor of the

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 2, Table No. 2.

Commissioner.[3]  Plaintiff did not appeal the judgment entered by the court on August 25, 2010.

In December 2008, while the plaintiff's first application for benefits was pending review before the Appeals Council, the plaintiff filed a second application for disability benefits.  AR pp. 255-60.  Plaintiff's second application was initially denied and the plaintiff again requested a hearing before an ALJ.  The ALJ held a hearing on January 22, 2010 and issued an unfavorable decision denying the plaintiff's claim that he is disabled as of July 3, 2008.[4]  AR pp. 11-23, 30-80.

At the second step the ALJ found that the plaintiff had the following severe impairments - adjustment disorder with depressed mood, status post cervical fusion, left elbow bursitis, and degenerative joint disease of the lumbar spine.  AR p. 13.  The ALJ then determined that this combination of impairments did not meet or medically equal any listed impairment found in the regulations.  With regard to the plaintiff's residual functional capacity ("RFC"), which is the foundation of the ALJ's analysis at steps

---

[3] See, Civil Action No. 09-188, record document numbers 11-13, *John Wleczyk v. Michael J. Astrue, Commissioner of Social Security*, 2010 WL 3384724 (M.D. La. July 26, 2010); 2010 WL 3384726 (M.D.La. Aug. 24, 2010).

[4] The ALJ's decision on the plaintiff's first application was issued July 2, 2008.  Since this decision was affirmed and the final judgment was not appealed, the plaintiff can only establish disability as of July 3, 2008 on his second application.  AR pp. 11, 34.

four and five, the ALJ made the following finding:

> [T]he claimant has the residual functional capacity to
> perform occasional lifting and/or carrying of up to
> twenty pounds, frequent lifting and/or carrying of up to
> ten pounds, standing and/or walking for up to six hours
> in an eight-hour workday, sitting for up to six hours in
> an eight-hour workday, unlimited pushing and/or pulling
> (other than as shown for lifting and/or carrying), no
> climbing of ladders, ropes, or scaffolds, occasional
> climbing of ramps/stairs, occasional reaching overhead
> bilaterally, occasional balancing, stooping, kneeling,
> crouching, or crawling, no work with exposure to hazards,
> machinery, heights, vibration, or temperature extremes,
> working with objects rather than people, work requiring
> only casual interaction with coworkers which would be
> incidental to the work performed.  AR p. 17.

Based on this residual functional capacity and the hearing
testimony of vocational expert Lionel Gorla, the ALJ concluded that
the plaintiff could not perform his past relevant work as a car
dealership preparation technician and mechanic, but he could do
other work that existed in significant numbers in the national
economy. Given the plaintiff's residual functional capacity, and
his age, education and work experience, Gorla testified that the
plaintiff would be able to perform the requirements of the
following representative occupations - weigher, measurer, checker,
and assembler.  Thus, the plaintiff was not disabled from July 3,
2008 through the date of the ALJ's decision.  AR pp. 21-22.

After the ALJ's decision the plaintiff sought review from the
Appeals Council.  The Appeals Council denied the plaintiff's
request for review and affirmed the ALJ's decision on November 9,
2010.  AR pp. 1-5.  Plaintiff then filed this petition for judicial

review challenging the final decision of the Commissioner that he is not disabled as of July 3, 2008. The denial of the plaintiff's second application for disability benefits is the subject of this report and recommendation.

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review

7

the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1

8

of the regulations;[5] (4) the impairment(s) prevents the claimant
from performing past relevant work; and, (5) the impairment(s)
prevents the claimant from doing any other work.  *Masterson*, 309
F.3d at 271.

The burden of proving disability rests on the claimant through
the first four steps.  At the fourth step the Commissioner analyzes
whether the claimant can do any of his past relevant work.  If the
claimant shows at step four that he or she is no longer capable of
performing past relevant work, the burden shifts to the
Commissioner to show that the claimant is able to engage in some
type of alternative work that exists in the national economy.
*Myers*, supra.  If the Commissioner meets this burden the claimant
must then show that he or she cannot in fact perform that work.
*Boyd*, 239 F.3d at 705.

In the Fifth Circuit it is well-established that at the final
step of the disability analysis, the ALJ is required to obtain
expert vocational testimony or similar evidence when the Medical-
Vocational Guidelines are not applicable because a claimant has a

---

[5] Listed impairments are descriptions of various physical and
mental illnesses and abnormalities generally characterized by the
body system they affect.  Each impairment is defined in terms of
several specific medical signs, symptoms, or laboratory test
results.  For a claimant to show that his impairment matches a
listed impairment he must demonstrate that it meets all of the
medical criteria specified in the listing.  An impairment that
exhibits only some of the criteria, no matter how severely, does
not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct.
885, 891-92 (1990); 20 C.F.R. §§ 404.1525.

combination of exertional and non-exertional limitations. The
Commissioner cannot carry his burden at the fifth step without such
evidence.[6] These principles are based on the recognition that: (1)
the *Dictionary of Occupational Titles* (DOT) is not comprehensive
and does not include each and every specific skill or qualification
for a particular job; (2) the value of the vocational expert is
that he is familiar with the specific requirements of a particular
occupation, including working conditions and the attributes and
skills needed; and, (3) the DOT job descriptions should not be
given a role that is exclusive of more specific vocational expert
testimony on the effect of an individual claimant's limitations on
his ability to perform a particular job. *Carey v. Apfel*, 230 F.3d
131, 145 (5th Cir. 2000). This is consistent with the regulations
and SSR 00-4p, which state that vocational experts are used at
steps five and four to resolve complex vocational issues.[7]

In *Carey v. Apfel*, the Fifth Circuit addressed vocational
evidence in circumstances where a claimant raises the argument that
either a direct or implied conflict exists between the vocational
expert's testimony and the job descriptions/information contained
in the DOT. The court noted that there is a direct and obvious

---

[6] *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields
v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*,
58 F.3d 129, 132 (5th Cir. 1995).

[7] 20 C.F.R. § 404.1569a(d); SSR 00-4p, 2000WL 1898704 (S.S.A.
Dec. 4, 2000).

conflict when the expert's characterization of the exertional or skill level of a particular job is facially different from that stated in the DOT, or when the expert's testimony creates a discrepancy between the ALJ's determination of the claimant's residual functional capacity and the DOT job descriptions. In these circumstances the probative value and reliability of the expert's testimony is called into question and may require remand for further development of the record. However, when the conflict is merely tangential, implied or indirect, and unchallenged by the claimant at the administrative hearing, the ALJ can rely on the vocational expert's testimony provided the record reflects an adequate basis for doing so. *Id.*, at 145-47.

## Analysis

Plaintiff argued the ALJ's finding that there are jobs in the national economy which he can perform is not supported by substantial evidence. This argument is based on the plaintiff's claim that the jobs identified by the vocational expert are incompatible with the ALJ's assessment of his residual functional capacity. Specifically, the plaintiff argued that each of the jobs identified by the expert require the ability to reach frequently, and this is inconsistent with the ALJ's finding that he is limited to occasional reaching overhead. In other words, with this overhead reaching limitation, the plaintiff claimed that he does not have the capacity to do jobs that require him to reach

frequently.

In light of the principles established by the Fifth Circuit in
*Carey v. Apfel* the record establishes that the conflict raised by
the plaintiff here is not a basis for remanding the case for lack
of substantial evidence.  Based on the relevant legal standards and
the record as a whole, the ALJ did not err in her analysis and her
finding at the fifth step is supported by sufficient evidence.[8]

According to the plaintiff, there is a direct conflict between
the vocational expert's testimony and the information in the DOT,
because the jobs identified by the vocational expert are
incompatible with the ALJ's residual functional capacity
assessment.[9]

Plaintiff's argument is not supported by the administrative
record.  First, accepting the plaintiff's argument that the jobs
identified by the expert require the ability to reach frequently,
it is not facially apparent that being limited in the specific
ability to reach overhead bilaterally is inconsistent with the
general ability to reach.  Furthermore, the plaintiff did not offer

---

[8] The administrative record in this case is voluminous - more
than one thousand pages - but duplication of medical records
accounts for some of the volume.  The entire record has been
reviewed.  Because the plaintiff's sole claim of error is focused
on the vocational evidence relied on at step five, it is
unnecessary to extensively cite or summarize in this report the
medical evidence related to the plaintiff's impairments.

[9] Record document number 20, Plaintiff-Appellant's Initial
Brief, p. 6.

any basis in the record, regulations, or the DOT to support the conclusion that an individual who is limited to occasional reaching overhead bilaterally, cannot perform the work-related activity of frequent reaching as used in the DOT job descriptions for weigher, measurer, checker and assembler.  Finally, it is apparent from the testimony at the administrative hearing that both the ALJ and the plaintiff recognized a distinction between reaching forward in general and reaching overhead.  Plaintiff testified that he could reach forward and overhead, but reaching overhead hurt all through his back and arms.  AR pp. 62-63.  Considering all the evidence in light of the plaintiff's medical history of neck injury, pain and surgery, the ALJ obviously credited the plaintiff's statements by including it in the RFC finding - limiting the plaintiff to occasionally reaching overhead bilaterally.  AR p. 17.

To the extent that the conflict raised by the plaintiff is an indirect or implied conflict, the record does not support the conclusion that the ALJ committed error.  Plaintiff was represented at the administrative hearing and his counsel had a full opportunity to question Gorla.  Counsel for the plaintiff did not explore or inquire about any apparent or implied conflict between Gorla's testimony/opinions and the DOT's descriptions of the jobs he identified.  AR pp. 78-80.  As the Fifth Circuit stated in *Carey v. Apfel* and subsequent decisions, a claimant cannot "scan the record for implied or unexplained conflicts between the specific

testimony of an expert witness, and the voluminous provisions of the DOT and then present that conflict as reversible error," when the claimant's attorney failed to explore the alleged conflict during cross-examination of the vocational expert. *Carey*, 230 F.3d at 146-47; *Pineda v. Astrue*, 289 Fed.Appx. 710 (5th Cir. 2008); *Gaspard v. Social Security Administration*, 609 F.Supp.2d 607, 617-18 (E.D. Tex. 2009).[10]

Furthermore, assuming some implied conflict, the record reflects an adequate basis for the ALJ's reliance on the expert's testimony.  The DOT, in its definitions and categories, gives approximate maximum requirements for positions and cannot satisfactorily answer every situation.  A vocational expert's testimony is specific with respect to the effect of an individual claimant's limitations on his ability to do a particular job. *Carey,* 230 F.3d at 145; *Laurent v. Astue,* 366 Fed.Appx. 559 (Cir. 2010).  This is the value of a vocational expert; he is familiar

---

[10] At the hearing the ALJ did not specifically ask the expert about any possible conflicts with information in the DOT.  If this was error by the ALJ, for the following reasons, it was harmless error: (1) it is apparent from Gorla's testimony that he relied on the DOT and when there was a difference between some information provided and the DOT he identified and explained it; (2) the ALJ specifically cited SSR 00-4p in her decision and stated that the expert's testimony was consistent with the DOT; (3) at the hearing the plaintiff's representative did not ask the expert about possible conflicts, and in this appeal the plaintiff has not established any such conflict. AR pp. 22, 73-80. *See*, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)("Procedural perfection in administrative proceedings is not required" so long as "the substantial rights of a party have not been affected.")

with the specific requirements of a particular occupation, including working conditions, as well as the attributes and skills needed to perform it.  *Vaughan v. Shalala*, 58 F.3d at 132; *Dominguez-Herrera v. Astrue*, 334 Fed.Appx. 651 (5th Cir. 2009).

Here, the ALJ's RFC finding is not challenged by the plaintiff.  The ALJ incorporated this finding in her question to the vocational expert.  AR pp. 17, 76.  In response, Gorla described specific jobs and the numbers of those jobs[11] that satisfied the term "other work" as it is defined in the regulations.[12]  Plaintiff did not point to any evidence in the

_____

[11] Plaintiff suggested that based on a software called JobBrowser Pro the expert's numbers might be unreliable.  Plaintiff stated, however, that neither this suggestion nor the software are the basis for his claim that the Commissioner's decision should be reversed.  Furthermore, the regulations authorize use of the DOT and four other specific sources, and do not mention the software cited by the plaintiff.  Even if the numbers cited by the plaintiff are considered, they do not address all of the jobs identified by Gorla.  See, 20 C.F.R. § 404.1566(b); 20 C.F.R. § 404.1566(d).

[12] 20 C.F.R. § 404.1566 provides as follows:
    (a) General. We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether--
        (1) Work exists in the immediate area in which you live;
        (2) A specific job vacancy exists for you; or
        (3) You would be hired if you applied for work.
    (b) How we determine the existence of work. Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of
(continued...)

record that contradicts or undermines the reliability of Gorla's

testimony.  Substantial evidence supports the conclusion that the

plaintiff could perform the jobs Gorla named - jobs which the

plaintiff argued require the ability to reach frequently.  This

evidence is found in the plaintiff's testimony that he could reach

forward, and only had pain when reaching overhead.  Also, the

reports of the consultative and state agency examiners in February

and March of 2009 did not indicate that the plaintiff had any

limitations of motion in his upper or lower extremities, any

limitations in his ability to push, pull or reach, or any other

---

[12](...continued)
the region where you live are not considered "work which
exists in the national economy". We will not deny you
disability benefits on the basis of the existence of
these kinds of jobs. If work that you can do does not
exist in the national economy, we will determine that you
are disabled. However, if work that you can do does exist
in the national economy, we will determine that you are
not disabled.
    (c) Inability to obtain work. We will determine that
you are not disabled if your residual functional capacity
and vocational abilities make it possible for you to do
work which exists in the national economy, but you remain
unemployed because of--
        (1) Your inability to get work;
        (2) Lack of work in your local area;
        (3) The hiring practices of employers;
        (4) Technological changes in the industry in
            which you have worked;
        (5) Cyclical economic conditions;
        (6) No job openings for you;
        (7) You would not actually be hired to do
            work you could otherwise do; or
        (8) You do not wish to do a particular type
            of work.

exertional limitations inconsistent with the ALJ's RFC finding.  AR
pp. 62-63, 938-41, 966-73.

## Conclusion

Applying the principles of *Carey v. Apfel*, the record does not
support the plaintiff's claim that the jobs identified by the
vocational expert were inconsistent with the ALJ's RFC finding, or
that the expert's testimony was otherwise unreliable.  Therefore,
the ALJ properly relied on the expert's testimony, which under the
relevant legal standards constitutes substantial evidence that the
plaintiff was not disabled at the fifth step.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under
sentence four of 42 U.S.C. § 405(g), the final decision of the
Commissioner of Social Security Michael J. Astrue, denying the
application for disability benefits filed by plaintiff John Wleczyk
be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, August 6, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE